WDF, Inc. v City of New York (2025 NY Slip Op 01201)

WDF, Inc. v City of New York

2025 NY Slip Op 01201

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 652478/19, 602330/05|Appeal No. 3808-3809-3810-3811|Case No. 2024-02133, 2023-05847, 2024-02701, 2024-02709|

[*1]WDF, Inc., Plaintiff-Respondent-Appellant,
v
The City Of New York (AWT2 Carbon Addition Facilities Project), Defendant-Appellant-Respondent.

Muriel Goode-Trufant, Corporation Counsel, New York (Elina Druker of counsel), for appellant/respondent.
Duane Morris, LLP, New York (Mark A. Canizio of counsel), for respondent/appellant.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered March 1, 2024, in favor of plaintiff WDF, Inc. and against defendant The City Of New York (AWT2 Carbon Addition Facilities Project) in the amount of $6,142,640.59 inclusive of prejudgment interest at the statutory rate of 9%, unanimously modified, on the law, to grant the motion only as to finding the City liable to WDF, and to deny the award of interest, and otherwise affirmed. Appeal from order, same court and Justice, entered September 22, 2023, which granted WDF's motion for summary judgment and denied defendant's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court correctly found that WDF forwarded its requisition for substantial completion payment, along with the necessary contractual documents, to the City on January 20, 2020. The fact that the document contained the word "draft" did not change its nature as a requisition for payment under the contract. The parties' course of conduct was that WDF would submit requisitions, the City would respond with requests for changes, and WDF would incorporate them. That process for the substantial completion payment requisition ended when WDF submitted its final version and the City had no further commentary or requests for changes despite WDF's inquiries.
We reject the City's argument that according to the contract, no substantial completion payment would be tendered until after the City approved a final extension of time. The contract merely requires that the work for which a requisition is tendered must have been "completed within the contract time or any subsequent extension." The contract time had been extended to June 1, the date upon which the City inspected the work and determined that it was substantially complete.
Supreme Court should not, however, have awarded payment for the full balance due under the contract. WDF did not prove its entitlement to final payment under the contract, because it failed to comply with the conditions precedent to final payment. On this record, we cannot ascertain how much of the money is sought as substantial completion payment and how much as final payment. Therefore, we remand to Supreme Court to make this factual finding and award damages only for the value of the substantial completion payment.
Supreme Court also should not have awarded prejudgment interest of 9% under CPLR 5001. The contract states that interest is determined in accordance with Policy Procurement Board (PPB) rules (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 118-119 [2012]), which do not provide for interest where payment "is delayed because of a disagreement between an agency and a vendor over . . . compliance with the terms of a contract" (9 RCNY 4-06 [d] [3] [i]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025